E-FILED
Friday, 12 June, 2020  05:59:09 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

JUAN MANUEL ACOSTA; HECTOR )
DE LA TORRE; EMILY ELIZONDO; )
MARTIN ELIZONDO; KASSANDRA )
DE LA TORRE; MARIA DE LA )
GARZA; ALEXANDRA GARCIA; )
MARIO GONZALEZ; OSCAR CASAS )
GONZALEZ; BENITO GUTIERREZ; )
EDGAR ALONSO HERNANDEZ; ANA )
KAREN IRACHETA; LINDA )
IRACHETA, individually and as next )
friend of Y.Y.I. AND I.I.; JOSE JUAN )
IRACHETA, JR.; JUAN SANTOS )
LOPEZ; ALBERTO MONTALVO, )
individually and as next friend of A.M. [1]; )
ALBERTO MONTALVO, JR.; ELSA )
MONTALVO; SABRINA MONTALVO; )     20-cv-02166
MICHELLE MONTOYA; JUAN )
MONTOYA; CRISTIAN MONTOYA; )     JURY TRIAL DEMANDED
JOSE FRANCISCO NEGRETE; JUAN )
OLIVARES; MIRNA ORTIZ DE )
SOLIS, individually and as next )
friend of O.S.; ADRIAN ORTIZ; )
ADRIAN PEREZ; ALEJANDRA )
PEREZ; CONSUELO DIANA PEREZ; )
FRANCISCO REYES MANCILLA; )
ALEJANDRA JENNET REYNA; )
MARITZA DE LA GARZA, as next )
friend of Y.R.; EDDIE ROSALES; )
FLORENTINA SALGADO ORTIZ; )
JOSE SANCHEZ; JUAN ARTEMIO )
SANCHEZ GALAVIZ; JONATHAN )
SANCHEZ;  CASSANDRA SOLIS; )
SANTIAGO SOLIS; ELIAS SOLIS III; )
JESUS SOSA; IRMA VASQUEZ, )

---

[1] In accordance with Fed. R. Civ. P. 5.2, the Plaintiffs who are minors are identified by their initials.

**individually and as next friend of**
**R.G.O.; RAFAEL ZAPATA;**

    Plaintiffs,

    v.

**KC FARMS, LLC; KC SEEDS, LLC;**
**MICHAEL CHRISTENBERRY**,

    Defendants.

## <u>COMPLAINT</u>

Juan Manuel Acosta; Hector de la Torre; Emily Elizondo; Martin Elizondo;

Kassandra de la torre; Maria de la Garza; Alexandra Garcia; Mario Gonzalez; Oscar

Casas Gonzalez; Benito Gutierrez; Edgar Alonso Hernandez; Ana Karen Iracheta;

Linda Iracheta, individually and as next friend of Y.Y.I. AND I.I; Jose Juan

Iracheta, Jr.; Juan Santos Lopez; Alberto Montalvo, individually and as next friend

of A.M.; Alberto Montalvo, Jr.; Elsa Montalvo; Sabrina Montalvo; Michelle Montoya;

Juan Montoya; Cristian Montoya; Jose Francisco Negrete; Juan Olivares; Mirna

Ortiz De Solis, individually and as next friend of O.S.; Adrian Ortiz; Adrian Perez;

Alejandra Perez; Consuelo Diana Perez; Francisco Reyes Mancilla; Alejandra

Jennet Reyna; Maritza de la garza, as next friend of y.r.; Eddie Rosales; Florentina

Salgado Ortiz; Jose Sanchez; Juan Artemio Sanchez Galaviz; Jonathan Sanchez;

Cassandra Solis; Santiago Solis; Elias Solis III; Jesus Sosa; Irma Vasquez,

individually and as next friend of R.G.O.; and Rafael Zapata**;** (collectively,

"Plaintiffs"), file this Complaint against KC Farms, LLC ("KC Farms") also doing

business as KC Seeds, LLC ("KC Seeds"), and Michael Christenberry in his personal capacity (collectively, "Defendants"), and state as follows:

## I. PRELIMINARY STATEMENT

1.     Plaintiffs, who are migrant farm workers, bring this action for damages against their former employers for, among other things, failing to pay them what they are each owed for approximately ten hours of labor, as set forth more specifically below. By their failure to pay for Plaintiffs' labor, Defendants violated Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq*.; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.; the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105/1 *et seq*.; and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §§ 115/1 *et seq*. Specifically, Defendants 1) failed to pay Plaintiffs for all earned wages at the rate agreed to by the parties in violation of the IWPCA; 2) failed to pay Plaintiffs at least the federally mandated or Illinois-mandated minimum wage for all hours worked in violation of the FLSA and the IMWL, respectively; and 3) failed to comply with the disclosure, recordkeeping, wage statement, wage payment and working arrangement provisions of AWPA.

2.     Plaintiffs seek an award of statutory and actual damages, attorneys' fees, and pre- and post-judgment interest in accordance with the applicable statutes and to make them whole for the damages they suffered due to Defendants' violations of the law.

## II.    JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. §§ 1854(a) (covering claims arising under AWPA), and 29 U.S.C. § 216(b) (covering claims arising under FLSA).

4.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1854(a), as a substantial number of the facts and events giving rise to Plaintiffs' claims occurred in this judicial district, and as Defendants are incorporated under the laws of Illinois and transacted business within this jurisdiction. Plaintiffs bring this Complaint in the Urbana Division, because the events giving rise to their claims occurred in Edgar County. *See* CDIL-LR 40.1(D), (F).

## III.    PARTIES

A.      <u>Plaintiffs</u>

6.      During the relevant period, Plaintiffs worked in agricultural employment within the meaning of AWPA, 29 U.S.C. § 1802(3).

7.      In order to perform their work for Defendants in Illinois, as described herein, Plaintiffs were required to be absent overnight from their permanent places of residence.

8.    At the time relevant to this action, Plaintiffs' permanent places of residence were outside of Illinois.

9.    The work Plaintiffs performed was agricultural employment of a seasonal or temporary nature within the meaning of AWPA, 29 U.S.C. § 1802(3).

10.    During the time relevant to this action, Plaintiffs were "employed" by Defendants within the meaning of AWPA, 29 U.S.C. § 1802(5).

11.    Upon information and belief, at the time relevant to this action, Plaintiffs worked on fields that produced seeds that were intended to be moved in interstate commerce.

12.    During the time relevant to this action, Plaintiffs were "employees" of Defendants as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d) and the IWPCA, 820 ILCS 115/2.

13.    During the time relevant to this action, Plaintiffs were separated into two crews, each of which worked substantially the same hours doing substantially the same work for the same Defendants as set forth below:

　　　a.  Plaintiffs Juan Manuel Acosta; Hector de la Torre; Emily Elizondo; Martin Elizondo; Kassandra de la Torre; Maria de la Garza; Jose Juan Iracheta, Jr.; Alexandra Garcia; Mario Gonzalez; Oscar Casas Gonzalez; Benito Gutierrez; Edgar Alonso Hernandez; Juan Santos Lopez; Michelle Montoya; Juan Montoya; Cristian Montoya; Jose Negrete; Juan Olivares; Irma Vasquez; R.G.O.; Mirna Ortiz de Solis; O.S.; Adrian Ortiz; Adrian Perez; Alejandra Perez; Consuelo

> Diana Perez; Francisco Reyes Mancilla; Alejandra Jennet Reyna;
> Y.R.; Eddie Rosales; Juan Artemio Sanchez Galaviz; Jose Sanchez;
> Jonathan Sanchez; Santiago Solis; Elias Solis III; Jesus Sosa;
> Florentina Salgado Ortiz; and Rafael Zapata worked under the
> supervision of Fidencio Salinas;

b. Plaintiffs Mario Gonzalez, Cassandra Solis, Ana Karen Iracheta,
   I.I., Linda Iracheta, Y.Y.I., Jose Juan Iracheta, Jr., Alberto
   Montalvo, A.M., Alberto Montalvo, Jr., Elsa Montalvo, and Sabrina
   Montalvo, worked under the supervision of Raquel Salinas.

## B.    <u>Defendants</u>

14.    Defendant KC Farms is, and at all times relevant to this action, was, a corporation organized under the laws of the State of Illinois.

15.    Defendant KC Farms has conducted business in Illinois and within this judicial district, including the business described in this action.

16.    Defendant KC Farms is, and at the times relevant to this action, was, an "agricultural employer" within the meaning of the AWPA, 29 U.S.C. § 1802(2), because Defendant KC Farms owns or operates a farm that engages in the selection, development, growing, and conditioning of hybrid soybeans.

17.    Defendant KC Farms is, and at times relevant to this action, was, an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), because KC Farms is either engaged in commerce, or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the FLSA; or, upon information and belief, has, at all

relevant times, had annual gross volume sales made or business done in excess of $500,000.

18.     During the time relevant to this action, Defendant KC Farms had two or more employees that handled soybean seeds which have moved in interstate commerce, as commerce is defined by the FLSA, 29 U.S.C. § 203(s)(1).

19.     Defendant KC Farms is, and at all times relevant to this action has been, an "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/1 *et seq.*

20.     At all times relevant to this action, Defendant KC Farms was a joint "employer" as that term is defined by the AWPA, 29 U.S.C. § 1802(2); the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/1 *et seq.*, together with the other Defendants.

21.     Defendant KC Seeds is, and at all times relevant to this action, was, a corporation organized under the laws of the State of Illinois.

22.     Defendant KC Seeds has conducted business in Illinois and within this judicial district, including the business described in this action.

23.     Defendant KC Seeds is, and at all times relevant to this action, was, an "agricultural employer" within the meaning of the AWPA, 29 U.S.C. § 1802(2), because Defendant KC Seeds owns or operates a farm that engages in the selection, development, growing, and conditioning of hybrid soybeans.

24.     Defendant KC Seeds is, and all times relevant to this action, was, an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), because KC Farms is

either engaged in commerce, or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the FLSA; or, upon information and belief, has, at all relevant times, had annual gross volume sales made or business done in excess of $500,000.

25.    Defendant KC Seeds has, and at all times relevant to this action, had, two or more employees who handled seed soybean that has moved in interstate commerce, as commerce is defined by the FLSA, 29 U.S.C. § 203(s)(1).

26.    Defendant KC Seeds is, and at all times relevant to this action, has been, an "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/1 *et seq.*

27.    Defendant KC Seeds is, and at all times relevant to this action, was, a joint "employer" as that term is defined by AWPA, 29 U.S.C. § 1802(2); the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS 115/1 *et seq.*, together with the other Defendants.

28.    Upon information and belief, during the relevant time period, Defendants KC Farms and KC Seeds operated under a common business purpose to produce hybrid soybean seeds for Syngenta Seeds, Inc. Defendants KC Farms and KC Seeds have functioned as a single entity. For example:

      a.    Defendants KC Farms and KC Seeds share the same principal managers, John Krabel and Michael Christenberry;

      b.    Defendants KC Farms and KC Seeds share the same registered agent;

    c.   Upon information and belief, Defendants KC Farms and KC Seeds share plots of land and can contract land owned by the other corporation;

    d.   Upon information and belief, Defendants KC Farms and KC Seeds share the same management structure, human resources, and electronic-mail address; and

    e.   Defendants KC Farms and KC Seeds otherwise operate as a single enterprise without regard to their separate existence in the context of the facts described in this Complaint.

29.    At all relevant times, Defendant Michael Christenberry was the principal manager for KC Farms and KC Seeds.

30.    Defendant Christenberry is a natural person residing in or around Edgar County, Illinois.

31.    Defendant Christenberry has conducted business in Illinois and within this judicial district.

32.    Defendant Christenberry is in charge of the day-to-day operations of KC Farms and KC Seeds.

33.    Defendant Christenberry was in charge of hiring Fidencio Salinas as KC Farms agent.

34.    During the time relevant to this action, Defendant Christenberry instructed Plaintiffs' supervisors as to where Plaintiffs should perform their work, as further set forth below.

35.     At all relevant times, Defendant Christenberry has been an "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS 115/1 *et seq*.

36.     At all relevant times, Defendant Christenberry has been a joint "employer" as that term is defined by AWPA, 29 U.S.C. § 1802(2), the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS 115/1 *et seq*., together with the other defendants.

## IV.   STATEMENT OF FACTS

37.     KC Farms and KC Seeds (collectively, "the KC Defendants") engage in the selection, development, growing, and conditioning of hybrid soybeans on fields they control in or around Edgar County, Illinois (the "KC soybean operation").

38.     The KC soybean operation requires workers to perform a task called "cleaning and weeding," which refers to identifying and removing undesirable plants and foreign objects from a field, since their presence adversely affects the growth and harvesting of the soybean plants. Farm workers generally perform this task manually, while walking or crawling through the fields.

39.     Cleaning and weeding is a necessary and important step in the production of hybrid seed soybean, and can impact the yield of the soybean field.

40.     Cleaning and weeding must occur at various times during the growing season.

41.    The KC Defendants authorized and utilized the services of a Farm Labor Contractor, Fidencio Salinas, Jr., to recruit and hire workers for agricultural employment in the KC soybean operation.

42.    Around July 2017, Defendant Christenberry, one of the KC Defendants' managers, contacted Fidencio Salinas and told him that there was cleaning and weeding work in the KC Defendants' fields.

43.    On behalf of the KC Defendants, Defendant Christenberry asked Fidencio Salinas to recruit workers to do this work.

44.    Upon information and belief, Defendant Christenberry met with Fidencio Salinas and together they inspected the fields at which the work would be performed.

45.    Upon information and belief, the KC Defendants, through their agent, Defendant Christenberry, and Fidencio Salinas agreed that the KC Defendants would pay $10 per hour per worker for cleaning and weeding in the KC Defendants' fields.

46.    On behalf of KC Defendants, Defendant Christenberry authorized Fidencio Salinas to take the actions needed to bring the workers to the KC Defendants' fields to do the cleaning and weeding.

47.    Fidencio Salinas agreed to do so.

48.    Fidencio Salinas thus became the KC Defendants' agent.

49.    Fidencio Salinas, as the Defendants' agent, then recruited Plaintiffs to do cleaning and weeding work in the KC soybean operation. He contacted some of

the Plaintiffs directly, and some through subsequent word of mouth from those

Plaintiffs to the remainder of the Plaintiffs.

50.    Most of the Plaintiffs speak either only or mostly Spanish, and

Fidencio Salinas communicated with them exclusively in Spanish.

51.    When recruiting the Plaintiffs, Fidencio Salinas verbally promised

them $9.00 per hour.

52.    Plaintiffs accepted the verbal offer of employment with the KC

Defendants at that rate of pay through Fidencio Salinas.

53.    However, Plaintiffs never received any writing containing the terms of

their work, including but not limited to the rate of pay, or a description of their legal

rights, in either Spanish or English.

54.    After recruiting Plaintiffs, Fidencio Salinas continued to serve as

Defendants' agent by supervising Plaintiffs in the KC Defendants' fields.

55.    Fidencio Salinas divided the Plaintiffs into two crews working in the

field, as set forth above in paragraph 13. Fidencio Salinas supervised one crew and

Raquel Salinas supervised the other, but both crews performed substantially the

same type of work for the KC Defendants.

56.    Defendant Christenberry controlled access to the fields, and, on

information and belief, directed Fidencio Salinas to particular locations, giving

instructions as to where the Plaintiffs should clean and weed, and which fields

should be cleaned and weeded next.

57.     Plaintiffs worked in the KC Defendants' fields as follows, and as set forth in exhibit A:

      a.  On or around July 16, 2017, Fidencio Salinas's crew performed 4 hours of work.

      b.  On or around July 17, 2017, Raquel Salinas's crew performed 8 hours of work.

      c.  On or around July 19, 2017, Raquel Salinas's crew performed 2 hours of work.

      d.  On or around July 23, 2017, Fidencio Salinas's crew performed 7 hours of work.

58.     After Plaintiffs weeded and cleaned the fields, Defendant Christenberry inspected them.

59.     In reliance on Defendants' offer of $9.00 per hour, Plaintiffs in Fidencio Salinas's crew and in Raquel Salinas's crew cleaned and weeded Defendants' fields for a total of 11 and 10 hours, respectively, as set forth specifically in exhibit A.

60.     Defendant Christenberry stopped Plaintiffs' work on July 23, 2017, after Fidencio Salinas's crew completed the 7 hours of work set out above.

61.     Defendant Christenberry failed and refused to pay his agent Fidencio Salinas for the work performed by Plaintiffs and likewise failed and refused to pay any of the Plaintiffs directly.

62.     As a result, Plaintiffs were not compensated in any manner or from any other source for their work.

## COUNT I
## Migrant and Seasonal Agricultural Worker Protection Act

63.    Plaintiffs incorporate and re-allege paragraphs 1 through 62 of this Complaint, as though set forth herein.

64.    Under 29 U.S.C. § 1821, the AWPA, Agricultural Employers and their agents or recruiters must:

a. Provide written disclosures to the workers containing at least the following employment information: the place of employment; wage rate to be received; the crops and kinds of activities on which the workers may be employer; the period of employment; the transportation, housing and any other benefit provided; the existence of any strike or other work stoppage; and workers' compensation insurance information if available;

b. Post in a conspicuous place posters provided by the Secretary of Labor setting forth the rights and protections afforded to workers under the AWPA;

c. Provide and make available to the workers in writing the basis on which wages were paid; the number of piecework units (if paid using this basis); the number of hours worked; the total pay period earnings; the specific sums withheld; and the net pay;

d. Maintain, keep and preserve records of the information presented in (c), *supra*, for at least 3 years;

    e.  Not provide false or misleading information to any migrant agricultural worker concerning the terms, conditions, or existence of agricultural employment required to be disclosed; and

    f.  Provide all of the above information in writing in the language common to the migrant agricultural workers.

65.    Under 29 U.S.C. § 1822, the AWPA, Agricultural Employers and their agents or recruiters must:

    a.  Pay the wages owed to workers when due;

    b.  Not violate the terms and conditions of the working arrangement made by the contractor, employer or association with any migrant agricultural worker.

66.    Defendants violated the rights of Plaintiffs under the AWPA by

    a.  failing to disclose and provide in writing the terms and conditions of employment at the time Plaintiffs were recruited, in violation of 29 U.S.C. § 1821(a);

    b.  failing to post the required posters in conspicuous locations, in violation of 29 U.S.C. § 1821(b);

    c.  upon information and belief, failing to make, keep, and preserve adequate payroll records, in violation of 29 U.S.C. § 1821(d)(1);

    d.  failing to provide Plaintiffs with itemized written statements of such payroll records, in violation of 29 U.S.C. § 1821(d)(2);

e.  providing false and misleading information in the terms of the
    Plaintiffs' employment by not making the required disclosures,
    failing to pay Plaintiffs' for worked performed in reliance with
    Defendants' offer of employment, and voluntarily violating the
    terms of the working arrangement with Plaintiffs, in violation of 29
    U.S.C. § 1821(f);

f.  failing to provide required written information and disclosures to
    Plaintiffs in the language they spoke and could read, Spanish, in
    violation of 29 U.S.C. § 1821(g);

g.  failing to pay workers' wages owed when due, in violation of 29
    U.S.C. § 1822(a); and

h.  failing to comply with the terms of the working arrangements
    without justification, in violation of 29 U.S.C. § 1822(c).

67.  The violations of the AWPA were the natural consequences of the
conscious and deliberate actions of Defendants and, thus, were intentional within
the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

68.  As provided for under AWPA, 29 U.S.C. § 1854(c)(1), Plaintiffs seek an
award of their actual damages, or statutory damages of up to $500 per Plaintiff per
violation.

69.  Prior to instituting this action and in consideration of 29 U.S.C.
§ 1854(c)(2), Plaintiffs, through their attorneys, attempted to resolve their claims

against Defendants without resorting to litigation, but these efforts were unsuccessful.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

70.    Plaintiffs incorporate and re-allege paragraphs 1 through 62 of this Complaint, as though set forth herein.

71.    Plaintiffs were directed to work by Defendants and in fact did work, but were not compensated at least at the federally mandated minimum wage for all time worked.

72.    At the time relevant to this action, the Federal minimum wage was $7.25 per hour worked.

73.    Defendants are subject to the FLSA because they are an enterprise engaged in commerce or in the production of goods for commerce, and, upon information and belief, they have yearly gross sales of at least $500,000. In the alternative, Plaintiffs are covered under the FLSA because they were engaged in the production of goods destined for interstate commerce.

74.    In addition to failing to pay at least the Federal minimum wage, Defendants also violated the FLSA by failing to make, keep, or preserve adequate pay and time records in violation of the requirements of the FLSA.

75.    Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

76.    Under the FLSA, Plaintiffs were entitled to be compensated not less than the federally mandated minimum wage for all hours worked for Defendants.

77.    Defendants failed to pay each Plaintiff for either 10 or 11 hours of work as outlined in exhibit A.

78.    Defendants' failure to pay all Plaintiffs for all hours worked resulted in a failure to pay Plaintiffs a least the federally mandated minimum wage for all time worked in violation of the FLSA.

79.    Defendants' failure to pay Plaintiffs as required by the FLSA was willful.

80.    As a result of Defendants' violations and as provided for in the FLSA, Plaintiffs are entitled to their unpaid minimum wages, an additional equal amount in liquidated damages, a reasonable attorney's fees, and costs of court.

## COUNT III
## Violation of the Illinois Minimum Wage Law – Minimum Wages

81.    Plaintiffs incorporate and re-allege paragraphs 1 through 62 of this Complaint, as though set forth herein.

82.    At the time relevant to this action, the Illinois minimum wage under the Illinois Minimum Wage Law was $8.25 per hour worked.

83.    At the times relevant to this action, Defendants were subject to the requirements of the Illinois Minimum Wage Act.

84.    Within the meaning of the Illinois Minimum Wage Law, Defendants are an employer within the meaning of Illinois law, who used 500 man-days or more of agricultural labor within the meaning of Illinois law, and they employed four or more employees during the relevant time period.

85.     Defendants failed to make, keep, or preserve adequate pay and time records in violation of 820 ILCS 105/8.

86.     Defendants did not pay Plaintiffs at least the Illinois minimum wage for all time worked in violation of 820 ILCS 105/4.

87.     Specifically, Defendants failed to pay the Plaintiffs for either 10 or 11 hours of work, as specified in Exhibit A.

88.     Plaintiffs were not exempt from the minimum wage provisions of the IMWL.

89.     Plaintiffs were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

90.     Defendants' failure to pay all Plaintiffs for all hours worked resulted in a failure to pay Plaintiffs a least the Illinois-mandated minimum wage for all time worked in violation of 820 ILCS 105/4.

91.     Defendants' failure to pay Plaintiffs the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

92.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit plus statutory damages of 2% per month, reasonable attorney's fees, and costs.

**COUNT IV**
**Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages**

93.    Plaintiffs incorporate and re-allege paragraphs 1 through 62 and 64 through 69 of this Complaint, as though set forth herein.

94.    During the course of their employment with Defendants, Plaintiffs had an agreement with Defendants within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties. Defendants entered into this agreement through their agent, Fidencio Salinas.

95.    Defendants' working arrangement with Plaintiffs to do cleaning and weeding work at $9.00 an hour for all hours worked in their fields constituted a contract with each Plaintiff.

96.    Defendants failed to pay Plaintiffs at the agreed-upon rate of $9.00 for all hours worked, in breach of their contracts.

97.    Defendants violated the express and implied terms and conditions of employment with these Plaintiffs; as a result, they breached the contract and working arrangements they had with them.

98.    Defendants' failure to pay Plaintiffs for all time worked at the rate agreed to by the parties violated the IWPCA.

99.    Plaintiffs are entitled to be paid for all time at the rate agreed to by the parties.

100.    Pursuant to 820 ILCS 115/14(a), Plaintiffs are entitled to recover unpaid wages for ten (10) years prior to the filing of this suit, statutory damages of 2% per month, reasonable attorney's fees, and costs.

## COUNT V
## Unjust Enrichment

101.    Plaintiffs incorporate and re-allege paragraphs 1 through 62 of this Complaint, as though set forth herein and plead this Count in the alternative to the prior Counts of this action.

102.    Defendants made an agreement with Plaintiffs to pay Plaintiffs $9 per hour to perform cleaning and weeding work in the KC soybean operation.

103.    Plaintiffs performed either 10 or 11 hours of cleaning and weeding work, as set forth in Exhibit A, in accordance with the agreement that they had with Defendants.

104.    Defendants failed and refused to pay Plaintiffs their wages.

105.    Defendants benefitted from the work performed by Plaintiffs and have unjustly retained Plaintiffs' wages.

106.    Plaintiffs were harmed as a result of Defendants' actions and Defendants were unjustly enriched by the benefit conferred on them without compensation.

107.    Defendants' retention of Plaintiff's wages violates the fundamental principles of justice, equity and good conscience.

108.    Accordingly, Defendants are liable for the amount by which they have been unjustly enriched by the work performed by Plaintiffs for which they did not pay.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs request that, as the law applies to them, this Court enter judgment against Defendants and grant Plaintiffs the following relief:

a.   Award Plaintiffs their actual damages, or, alternatively, statutory damages of $500 per person per violation that applies to them, for Defendants' violations of the AWPA;

b.   Award Plaintiffs their unpaid minimum wages and an equal amount as liquidated damages for Defendants' violation of the FLSA;

c.   Award Plaintiffs their unpaid minimum wages and statutory damages for Defendants' violation of the IMWL;

d.   Award Plaintiffs their unpaid wages and statutory damages for Defendants' violation of the IWPCA;

e.   Award Plaintiffs prejudgment and post-judgment interest as allowed by law;

f.   Award Plaintiffs their costs and reasonable attorney's fees; and

g.   Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: 6/12/2020

/s/Carlos F. Cisneros Vilchis
Carlos F. Cisneros Vilchis

Illinois Bar No.: 6326720
Legal Aid Chicago
Illinois Migrant Legal Assistance
Project 120 South LaSalle Street,
Suite 900
Chicago, Illinois 60603
Phone: (312) 229-6090

ATTORNEY FOR PLAINTIFFS