E-FILED
Wednesday, 29 September, 2021  05:34:42 PM
Clerk, U.S. District Court, ILCD

EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is voluntarily made and entered into by and between KC Farms, LLC, KC Seeds, LLC, and Michael Christenberry ("KC Defendants") and the following independent contractor Claimants: Juan Manuel Acosta, Oscar Casas Gonzalez, Maria De La Garza, Hector De La Torre, Kassandra De La Torre, Emily Elizondo, Martin Elizondo, Mario H. Gonzalez, Benito Gutierrez, Edgar Alonso Hernandez, Ana Karen Iracheta, Ivan Iracheta (I.I.), Jose Juan Iracheta Jr., Linda Iracheta individually and as next friend of Y.Y.I., Alberto Montalvo individually and as next friend of A.M., Alberto Montalvo Jr., Elsa Montalvo, Zabrina Montalvo, Cristian Montoya, Juan Montoya, Michelle Montoya, Jose Francisco Negrete, Adrian Ortiz, Mirna Ortiz De Solis, Adrian Perez, Alejandra Perez, Consuelo Diana Perez, Yaritza Rosado (Y.R.), Eddie Rosales, Jonathan Sanchez, Jose Sanchez, Cassandra Solis, Ofelia Solis (O.S.), Santiago Solis, Jesus Sosa, Irma Vasquez, and Rafael Zapata (the "Claimants"), (collectively, the "Parties").

WHEREAS, the Claimants allege KC Defendants employed them in July 2017;

WHEREAS, the Claimants allege KC Defendants violated the terms and conditions of their employment under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.*; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; the Illinois Wage Payment and Collection Act, 820 ILCS § 115/2; and the Illinois Minimum Wage Law 820 ILCS § 105/3(d);

WHEREAS, KC Defendants deny the claims asserted against them and any liability or damages relating to the Claimants' allegations and maintains that KC Defendants complied at all times with all applicable laws and regulations;

WHEREAS, the Parties desire to resolve any dispute relating to the Claimants' employment and allegations with the understanding that such resolution shall not constitute evidence of or be an admission of wrongful conduct, liability, or fault on the part of KC Defendants;

WHEREAS, the Parties desire to enter into this Settlement Agreement concerning the terms and conditions resolving the Claimants' allegations and claims against KC Defendants; and

WHEREAS, the Parties represent that they each have been represented by counsel at all relevant time-periods, have had a chance to seek and obtain the advice of counsel, have read the Agreement, understand the terms of the Agreement, and are voluntarily entering into the Agreement.

THEREFORE, in consideration of the foregoing and the mutual benefits to be derived from the performance hereof, the Parties agree as follows:

### 1.   Scope of Release

In consideration of benefits inuring to the Parties, the Claimants for themselves and each of their agents, attorneys, assigns, heirs, executors, successors or administrators release and forever discharge (i) KC Farms, LLC; (ii) KC Seeds, LLC; (iii) Michael Christenberry; (iv) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division

1

of KC Defendants; and (v) any current or former owner, officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, contractor, employee, any person or entity claiming through or under it or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i), (ii), (iii) or (iv) hereof (collectively, the "Released Parties") from any and all claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under any federal, state, or local entity's statute and common law, including, but not limited to the Migrant and Seasonal Agricultural Worker Protection Act (AWPA); the Fair Labor Standards Act, as amended (FLSA); the Illinois Wage Payment and Collection Act (IWPCA); the Illinois Field Sanitation Act; the Illinois Migrant Labor Camp Law; the National Labor Relations Act; 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Rehabilitation Act on 1973; the Americans with Disabilities Act; the Age Discrimination in Employment Act of 1967, as amended; the Employee Retirement Income Security Act of 1974; the Older Worker Benefit Protection Act; the Vietnam Era Veterans' Readjustment Assistance Act of 1974; the Lilly Ledbetter Fair Pay Act of 2009; the Family and Medical Leave Act; the Affordable Care Act of 2010; the Sarbanes Oxley Act of 2002; the Immigration Reform and Control Act; the Worker Adjustment and Retraining Notification Act; the Fair Credit Reporting Act; the Occupational Safety and Health Act of 1970; the Illinois Human Rights Act, 775 I.L.C.S. §§ 5/1-101 et seq.; the Illinois statutory provision regarding retaliation/discrimination for filing a workers' compensation claim, 820 ILCS § 305/4(h); the Illinois Equal Pay Act, 820 ILCS §§ 110/1 et seq.; the Illinois Equal Wage Act, 820 ILCS §§ 112/1 et seq.; the Illinois Minimum Wage Law, 820 ILCS §§ 105/1 et seq.; the Illinois One Day Rest in Seven Act, 820 ILCS §§ 140/1 et seq.; the Illinois Eight Hour Day Act, 820 ILCS §§ 145/1 et seq.; the Illinois Family Military Leave Act; the Illinois Worker Adjustment and Retraining Notification Act, 820 ILCS §§ 65/1 et seq.; the Illinois Health and Safety Act, 820 ILCS §§ 225/1 et seq.; the Illinois Whistleblower Protection Act, 5 ILCS §§ 395/1 et seq. (public employers only); the Illinois Whistleblower Act, 740 ILCS §§ 174 et seq.; the Illinois School Visitation Rights Act, 820 ILCS §§ 147/1 et seq.; the Illinois AIDS Confidentiality Act, 410 ILCS § 305; the Illinois Right to Privacy in the Workplace Act, 820 ILCS §§ 55/1 et seq.; the Illinois Genetic Information Privacy Act, 410 ILCS §§ 513/5 et seq.; the Genetic Information Nondiscrimination Act (GINA); the Illinois Personnel Record Review Act, 820 ILCS §§ 40/0.01 et seq.; the Illinois Victims' Economic Safety and Security Act, 820 ILCS §§ 180/1 et seq.; the Smoke Free Illinois Act, Illinois common law, any and all amendments to said statutes, and any other federal, state or local statute, ordinance or regulation, dealing in any way with employment or any other claim, regardless of the forum in which it might be brought, if any, which the Claimants have, might have, or might claim to have against the Released Parties, or any of them individually, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any whenever incurred, or suffered by the Claimants as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the effective date of this Agreement. Claimants are not releasing any claims that arise for events or occurrences that occur after executing this Agreement, nor are the Claimants releasing any claims that cannot be waived by law.

## 2. **Settlement Payment**

In consideration of the foregoing, and of the mutual promises and agreements contained herein, KC Defendants agrees to pay the Claimants a lump sum of Four Thousand Two Hundred Sixty-Six and 00/100 dollars ($4,266.00) (the "Gross Settlement Payment"), as follows:

    a. KC Defendants shall pay to the Claimants the gross sum of Four Thousand Two Hundred Sixty-Six and 00/100 dollars ($4,266.00) as  monetary settlement under applicable federal, state, and local laws governing the Parties' employment relationship, subject to the issuance of a Form 1099-MISC, box 3; and

    b. KC Defendants shall pay to the Claimants the Gross Settlement Payment by issuing 39 individual checks, one check payable to each of the Claimants as set forth by Appendix A.  Payments to minor Claimants shall be made payable to their next friend.

Other than the Gross Settlement Payment, the Claimants acknowledge that they are owed no further payment from KC Defendants or the Released Parties, including any amounts for additional compensation, bonuses, benefits, paid time off, or expense reimbursements, except as expressly provided in this Agreement.

## 3. **Payment and Delivery of Checks**

The payments described in Paragraph 2 above shall be in full and complete settlement of any and all claims made or that could have been made by the Claimants against KC Defendants arising from the employment relationship between the Parties. Payment under Paragraph 2 shall be made by a check for good funds payable to the Claimants as set forth in Appendix A in the gross amount described therein, with no withholdings.

KC Defendants shall deliver all settlement checks related to Paragraph 2 to Legal Aid Chicago, c/o Lauren Dana, 120 S LaSalle St, Ste 900, Chicago, IL 60603 via Federal Express fourteen (14) business days after KC Defendants' receipt of the Claimants' duly executed Settlement Agreement.

## 4. **Taxation and No Tax Advice**

The Claimants shall be obligated to obtain their own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration they receive or obtain pursuant to this Settlement Agreement, and shall further assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid out of any monies received, or other remuneration obtained, under this Settlement Agreement, without any contribution whatsoever from any of the Released Parties, except that the Released Parties shall be required to pay the employer's share of payroll taxes as required by law. Nothing in this Agreement shall be construed as KC Defendants or KC Defendants' Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of the Claimants' participation in this Agreement.

5.    **No Admission of Liability**

Nothing contained in this Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of KC Defendants or the Released Parties. KC Defendants, for itself and the Released Parties, denies any liability or wrongdoing of any kind associated with the claims alleged or that could have been alleged.

6.    **No Rehire with KC Defendants or the Released Parties**

The Claimants agree not to knowingly apply for or seek employment or other working relationship with KC Defendants or the Released Parties. The Parties agree that in the event any Claimant obtains employment with KC Defendants or the Released Parties, KC Defendants or the Released Parties have the right to terminate that Claimant's employment without any liability whatsoever.

7.    **Inadmissibility of the Settlement Agreement**

The Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms, or in a proceeding as evidence of the Claimants' representations provided in Sections 2, 6, and 12.

8.    **Release Compromise of Bona Fide Dispute**

The Parties agree that the terms of the Agreement represent a reasonable compromise of disputed claims and issues, arising from a bona fide dispute over unpaid wage claims under the AWPA, the FLSA and the IWPCA, and the merits of Plaintiffs' claims and KC Defendants' defenses. The Parties further agree that the Agreement is a fair, reasonable, and adequate resolution of the Claimants' claims.

9.    **Communications with Government Agencies**

Nothing in this Agreement precludes the Claimants from reporting any allegations of criminal conduct or unlawful employment practices, cooperating or participating in an investigation or proceeding, or otherwise communicating with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Illinois Human Rights Department, or any other federal, state, or local agency charged with the enforcement of any laws. Nothing in this Agreement precludes the Claimants from testifying in an administrative, legislative, or judicial proceeding concerning alleged criminal conduct or alleged unlawful employment practices regarding KC Defendants, its agents, or employees, when the Claimants have been required to do so pursuant to a court order, subpoena, or written request or requirement of or from an administrative agency or the legislature. However, by signing this Release, the Claimants are waiving their rights to individual relief based on claims asserted in such a charge or complaint, except where such waiver of individual relief is prohibited.

10. **Communications**

Unless otherwise specifically provided, all notices, demands, or other communications given under the Agreement shall be in writing and shall be sent via e-mail and U.S. mail, addressed as follows:

**To the Claimants:**
Lauren Dana
Legal Aid Chicago
120 S. LaSalle St., Suite 900
Chicago, Illinois 60603
Phone: (312) 405-0849
ldana@legalaidchicago.org

**To KC Defendants:**
Lorna Geiler
Meyer Capel, a Professional Corporation
306 W. Church Street
Champaign, IL 61820
Phone: (217) 352-1800
lgeiler@meyercapel.com

11. **Construction**

The Parties agree that the terms and conditions of this Agreement are the result of lengthy and intensive arms-length negotiations between the Parties and that the Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or her or its counsel participated in the drafting of the Agreement. The Parties request that before declaring any provision of the Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in the Agreement.

12. **Representation by the Claimants**

The Claimants represent and warrant that the Gross Settlement Payment represents full and complete compensation for all hours worked with KC Defendants and the Released Parties up through the date of their signature on the Agreement and for all liquidated, punitive, or other damages, attorneys' fees, and costs that may be available under or related to claims for unpaid wages under federal, state, or local law. The Claimants further represent and warrant that no additional regular or overtime hours were worked with KC Defendants and the Released Parties beyond those alleged and resolved in the Agreement and that no additional wages, damages of any kind, attorneys' fees, or costs are owed beyond those alleged and resolved in the Agreement. The Claimants further represent and warrant that they are not owed or entitled to any additional compensation, damages, attorneys' fees, or costs for hours worked with KC Defendants and the Released Parties up through the date of their signature on the Agreement.

5

**13.  Captions and Interpretations**

Section titles or captions contained in the Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of the Agreement or any of its provisions.

**14.  Modification**

This Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Court.

**15.  Integration Clause**

This Agreement contains the entire agreement between the Parties relating to the Settlement of the Lawsuit, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by the Claimants, KC Defendants, or the Parties' legal counsel, are merged in the Agreement. No rights under the Agreement may be waived except in writing signed by the counsel for the Parties set forth in Section 16.

**16.  Binding on Assigns**

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, including the Released Parties as third-party beneficiaries to this Settlement Agreement, and their respective heirs, trustees, executors, administrators, successors, and assigns.

**17.  Counterparts and Facsimile Signatures**

This Settlement Agreement may be executed in counterparts, and, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement. This Settlement Agreement may be executed by facsimile, photocopy, or email signatures, which shall be deemed to be originals.

**18.  Applicable Law**

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of Illinois to the extent federal law does not apply.

IN WITNESS WHEREOF, this Agreement has been duly executed on the dates set forth below:

[SIGNATURES ARE ON PAGES 7-44]

**AGREED:**

Dated: 6/17/2021

On behalf of KC Farms, LLC

**AGREED:**

Dated: 6/17/2021

On behalf of KC Seeds, LLC

**AGREED:**

Dated: 8/17/2021

Michael Christenberry

**<u>AGREED:</u>**

Dated:

_____
09/08/2021

Juan Manuel Acosta
_____
Juan Manuel Acosta

8

**<u>AGREED:</u>**

Dated: _09 / 03 / 2021_      *Oscar Casas González*
                                                   Oscar Casas Gonzalez

**<u>AGREED:</u>**

Dated: _09/07/2021_      _Maria de la Garza_
                                                   Maria De La Garza

**<u>AGREED:</u>**

Dated:    09 / 08 / 2021

Hector De La Torre

**<u>AGREED:</u>**

Dated: ___09 / 10 / 2021___                  _____
                                                       Kassandra De La Torre

**<u>AGREED:</u>**

Dated: _08 / 25 / 2021_      _EMILY ELIZONDO_

                                             Emily Elizondo

**<u>AGREED:</u>**

Dated: 09 / 09 / 2021

*Martin elizondo*
_____
Martin Elizondo

14

**AGREED:**

Dated:    01-14-21

Mario H. Gonzalez

**<u>AGREED:</u>**

Dated: 
      08/30/2021

Benito Gutierrez

**<u>AGREED:</u>**

Dated: _____09 / 02 / 2021_____     _____
Edgar Alonso Hernandez

**<u>AGREED:</u>**

Dated: _____09/09/2021_____



_____
Ana Karen Iracheta

**<u>AGREED:</u>**

Dated: _08 / 23 / 2021_       _Ivan Iracheta_
                                                Ivan Iracheta

19

**<u>AGREED:</u>**

Dated:     08 / 23 / 2021

Jose Juan Iracheta Jr.

**AGREED:**

Dated: 09/25/2021

Linda Iracheta, individually and on behalf of Y.Y.I.

21

**<u>AGREED:</u>**

Dated: _08 / 30 / 2021_

_Alberto Montalvo_

Alberto Montalvo, individually and on behalf of A.M.

**AGREED:**

Dated:  08 / 30 / 2021

*Alberto Montalvo Jr*
Alberto Montalvo Jr.

**<u>AGREED:</u>**

Dated:  08 / 30 / 2021 _____     *Elsa Montalvo*
                                                    Elsa Montalvo

**AGREED:**

Dated:  08 / 30 / 2021          _Zabrina Montalvo_
_____        _____
                              Zabrina Montalvo

**<u>AGREED:</u>**

Dated:    08 / 23 / 2021
_____     *Cristian Montoya*
                                       Cristian Montoya

**<u>AGREED:</u>**

Dated: _____09 / 02 / 2021_____          *Juan Montoya*
                                          _____
                                          Juan Montoya

**<u>AGREED:</u>**

Dated: ___08 / 23 / 2021___     _Michelle Montoya_
_____
Michelle Montoya

**<u>AGREED:</u>**

Dated: ___09/02/2021___          Jose Francisco Negrete
                                 _____
                                 Jose Francisco Negrete

2:20-cv-02166-EIL   # 48-1   Page 31 of 47

**<u>AGREED:</u>**


Dated: ___08 / 31 / 2021___      _____
                                Adrian Ortiz

**<u>AGREED:</u>**

Dated: 09 / 02 / 2021 _____

_____
Mirna Ortiz De Solis

**AGREED:**

Dated:     08 / 26 / 2021         *Adrian Perez*

                                           Adrian Perez

**<u>AGREED:</u>**

Dated: ___09 / 07 / 2021___   ___Alejandra P.___
                              Alejandra Perez

**AGREED:**

Dated:  09 / 14 / 2021
_____

_Consuelo_
_____
Consuelo Diana Perez

**<u>AGREED:</u>**

Dated:  08 / 25 / 2021

*Yaritza Rosado*

Yaritza Rosado

**<u>AGREED:</u>**

Dated: 08 / 23 / 2021

_____

Eddie Rosales

**AGREED:**

Dated: 8/22/21

Jonathan Sanchez

37

**<u>AGREED:</u>**

Dated: 09/09/2021

Jose Sanchez

**AGREED:**

Dated: _09 / 08 / 2021_  _____
Cassandra Solis

**<u>AGREED:</u>**

Dated:     09 / 03 / 2021
_____          _____
                                    Ofelia Solis

**<u>AGREED:</u>**

Dated: _____09 / 01 / 2021_____        _____
                                            Santiago Solis

**<u>AGREED:</u>**

Dated: 09 / 03 / 2021

Jesus Sosa

**<u>AGREED:</u>**

Dated: _09 / 01 / 2021_

_____

_____
Irma Vasquez

**AGREED:**

Dated: ___08 / 23 / 2021___        _Rafael Zapata_
                                   _____
                                   Rafael Zapata

44

# APPENDIX A

*Checks issued to minor Claimants shall be made payable to their next friend, as detailed below.*

|     | **Payable To**           | **Amount** | **For Minor Claimant** |
| --- | ------------------------ | ---------- | ---------------------- |
| 1.  | Juan Manuel Acosta       | $111.92    |                        |
| 2.  | Oscar Casas Gonzalez     | $111.92    |                        |
| 3.  | Maria De La Garza        | $111.92    |                        |
| 4.  | Hector De La Torre       | $111.92    |                        |
| 5.  | Kassandra De La Torre    | $111.92    |                        |
| 6.  | Emily Elizondo           | $111.92    |                        |
| 7.  | Martin Elizondo          | $111.92    |                        |
| 8.  | Mario H. Gonzalez        | $111.92    |                        |
| 9.  | Benito Gutierrez         | $111.92    |                        |
| 10. | Edgar Alonso Hernandez   | $111.92    |                        |
| 11. | Ana Karen Iracheta       | $102.93    |                        |
| 12. | Ivan Iracheta            | $102.93    |                        |
| 13. | Jose Juan Iracheta Jr.   | $102.93    |                        |
| 14. | Linda Iracheta           | $102.93    |                        |
| 15. | Linda Iracheta           | $102.93    | Y.Y.I.                 |
| 16. | Alberto Montalvo         | $102.93    |                        |
| 17. | Alberto Montalvo         | $102.93    | A.M.                   |
| 18. | Alberto Montalvo Jr.     | $102.93    |                        |
| 19. | Elsa Montalvo            | $102.93    |                        |
| 20. | Zabrina Montalvo         | $102.93    |                        |
| 21. | Cristian Montoya         | $111.92    |                        |
| 22. | Juan Montoya             | $111.92    |                        |
| 23. | Michelle Montoya         | $111.92    |                        |
| 24. | Jose Francisco Negrete   | $111.92    |                        |
| 25. | Adrian Ortiz             | $111.92    |                        |
| 26. | Mirna Ortiz De Solis     | $111.92    |                        |
| 27. | Adrian Perez             | $111.92    |                        |
| 28. | Alejandra Perez          | $111.92    |                        |
| 29. | Consuelo Diana Perez     | $111.92    |                        |
| 30. | Yaritza Rosado           | $111.92    |                        |
| 31. | Eddie Rosales            | $111.92    |                        |
| 32. | Jonathan Sanchez         | $111.92    |                        |
| 33. | Jose Sanchez             | $111.92    |                        |

| | | | |
|---|---|---|---|
| 34. | Cassandra Solis | $102.94 | |
| 35. | Ofelia Solis | $111.92 | |
| 36. | Santiago Solis | $111.92 | |
| 37. | Jesus Sosa | $111.92 | |
| 38. | Irma Vasquez | $111.92 | |
| 39. | Rafael Zapata | $111.92 | |
| | **Gross Settlement Payment** | **$4266.00** | |